UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MARCELO SANDOVAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-04206 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Petitioner Marcelo Sandoval's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1). The Government has responded so the Motion is ripe for review. For the following reasons, the Motion is granted.

In December 1999, Petitioner was convicted of federal kidnapping in violation of 18 U.S.C. § 1201(a)(1) (Count 1), using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count 2) (the crime of violence was the federal kidnapping charge), and conspiracy to possess with intent to distribute marijuana, cocaine, and methamphetamine in violation of 21 U.S.C. § 846 (Count 3). (Doc 2-1). He was thereafter sentenced to 240 months' imprisonment on Count 1, 262 months' imprisonment on Count 3, and 120 months' imprisonment on Count 2; the sentences for Counts 1 and 3 were ordered to run concurrently, while the sentence for Count 2 was ordered to run consecutively to those imposed on Counts 1 and 3, as required by § 924(c)(1)(D). (Doc 2-1). In June 2018, the Court reduced Petitioner's sentence for Counts 1 and 3 to 210 months' imprisonment pursuant to 18 U.S.C. §

3582(c)(2), still to run concurrently; the 120-month consecutive sentence for Count 2 was left intact. (Doc 2-2). Petitioner now seeks relief under § 2255, arguing recent Supreme Court and Seventh Circuit precedent invalidates his § 924(c) conviction premised on federal kidnapping.[1]

The Court may vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." § 2255(a). A motion under § 2255 is timely if it is brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3).

On June 24, 2019, the Supreme Court held § 924(c)(3)(B)—the clause supporting Petitioner's § 924(c) conviction—is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). One month later, the Seventh Circuit confirmed federal kidnapping—the predicate offense for Petitioner's § 924(c) conviction— is not a "crime of violence" under the surviving clauses of § 924(c). *United States v. Jackson*, 932 F.3d 556, 557–58 (7th Cir. 2019). Petitioner filed his Motion on October 15, 2019, which was well within the one-year limitations period. *See* §

---

[1] A fuller recitation of the procedural history may be found in this Court's previous Order (Doc. 3) and the Seventh Circuit's decision granting Petitioner leave to file a successive § 2255 motion, *Sandoval v. United States*, No. 19-2775 (7th Cir. Oct. 15, 2019).

2255(f)(3). And as the Government concedes (Doc. 4 at 6–7),[2] Petitioner's § 924(c) conviction cannot stand under the current state of the law.

Accordingly, the Court will vacate the conviction as well as each of Petitioner's sentences and conduct a full resentencing. *See Jackson*, 556 F.3d at 558 (remanding for a full resentencing because "a district court's sentencing determination is necessarily holistic, and so when part of a sentence is vacated, the court is entitled to resentence on all counts" (citing *United States v. Cureton*, 739 F.3d 1032, 1045 (7th Cir. 2014))).

IT IS THEREFORE ORDERED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1) is GRANTED; Petitioner's conviction for using or carrying a firearm to commit a crime of violence in violation of 18 U.S.C. § 924(c) (Count 2) in *United States v. Sandoval*, No. 4:99-cr-40019 (1999), is VACATED; and Petitioner's sentences in No. 4:99-cr-40019 are VACATED for a full resentencing.

SO ORDERED.

Entered this 27th day of November 2019.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge

---

[2] As part of the Government's Response, it suggests the holding in *Davis* is a newly recognized right made retroactive for cases on collateral review, citing *In re Hammoud*, 931 F.3d 1032, 1036, 1039–40 (11th Cir. 2019). (Doc. 4 at 5). In light of the Government's concession, the Court assumes, without deciding, the holding in *Davis* creates a right to relief under § 2255.